Michael Peffer (SBN: 192265)
Nilab Sharif (SBN: 231296)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, DENA D. MONSIVAIS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA D. MONSIVAIS, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>ALHAMBRA UNIFIED SCHOOL DISTRICT, AND DOES 1 TO 100, INCLUSIVE<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## INTRODUCTION

Plaintiff, DENA MONSIVAIS, brings this action against ALHAMBRA UNIFIED SCHOOL DISTRICT, (AUSD), a public school district. This action is

based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.).

The gravamen of this Complaint is that AUSD refused to accommodate, otherwise discriminated against, PLAINTIFF because she asked for accommodation due to her religious beliefs. AUSD knew or should have reasonably known that Ms. MONSIVAIS held religious beliefs because she asserted them. AUSD nevertheless failed to accommodate and discriminated against PLAINTIFF for seeking an accommodation.

## JURISDICTION AND VENUE

**1.** This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This court has supplemental jurisdiction over plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

**2.** Venue is proper in the Central District of California under 42 U.S.C. §2000e-5(f)(3), in that AUSD maintains significant operations within the Central District of California, and the alleged unlawful employment practices took place within the Central District of California. This case is appropriate for assignment to the Western Division.

/ / /

/ / /

/ / /

# PARTIES

## PLAINTIFF

3. At all times relevant herein, DENA MONSIVAIS was an employee of AUSD. Ms. MONSIVAIS resided in Alhambra, CA in the county of Los Angeles, at the time of the events that gave rise to this Complaint.

## DEFENDANT

4. Upon information and belief, AUSD, is public school district in California. At the time of the events that gave rise to this Complaint, PLAINTIFF was an employee of AUSD as a Student Body Account Clerk.

## STATEMENT OF FACTS

5. Ms. MONSIVAIS has been an employee of AUSD since 2006. She began her career with AUSD as a Substitute and was hired in 2013 for the position of Student Body Account Clerk. On September 15, 2021, PLAINTIFF received a letter from AUSD mandating that all AUSD employees be fully vaccinated against COVID-19 and to submit proof of vaccination no later than October 31, 2021. The letter also explained that employees could submit a Request for Religious Accommodation for AUSD's review. On October 19, 2021, AUSD issued a letter to unvaccinated AUSD Staff stating that employees who do not receive at least one dose of the COVID-19 vaccine by October 29, 2021 will be placed into unpaid status beginning November 1, 2021. On or about October 27, 2021, PLAINTIFF submitted her request for a religious accommodation via email to AUSD. On October 27, 2021,

- 3 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

PLAINTIFF received a response regarding her request for religious accommodation from AUSD stating that AUSD will not be able to review and complete the interactive process prior to the October 31, 2021 vaccination deadline, and that PLAINTIFF will be placed into unpaid status until the process is complete. On October 28, 2021, PLAINTIFF's immediate supervisor asked PLAINTIFF regarding her COVID-19 vaccination status on two separate occasions. When PLAINTIFF explained she was not vaccinated, her immediate supervisor explained that PLAINTIFF would need to turn in her district keys and badge if she is not vaccinated by the end of the day. PLAINTIFF therefore turned in her keys and badge to her immediate supervisor on October 28, 2021 as she chose not to receive the COVID-19 vaccine.

6. Ms. MONSIVAIS is a follower of the Christian faith.

7. Ms. MONSIVAIS believes that her body belongs to God and is a temple of the Holy Spirit.

8. Ms. MONSIVAIS believes that it is against her religion to ingest or inject her body with possible harmful substances.

9. Ms. MONSIVAIS's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue. Ms. MONSIVAIS's faith strongly opposes injecting her body with the COVID-19 vaccine.

10. On or about September 15, 2021, AUSD notified all district employees of the COVID-19 vaccination mandate. Such mandate allowed for the submission of a religious exemption form for the COVID-19 vaccine.

**11.** On October 19, 2021, AUSD issued a letter to unvaccinated AUSD Staff stating that employees who do not receive at least one dose of the COVID-19 vaccine by October 29, 2021 will be placed into unpaid status beginning November 1, 2021.

**12.** Ms. MONSIVAIS submitted to AUSD Assistant Superintendent, John Scanlan, her religious exemption form on or about October 27, 2021, because of her strongly held religious beliefs.

**13.** On or about October 27, 2021, PLAINTIFF received a response regarding her request for religious accommodation from AUSD stating that AUSD will not be able to review and complete the interactive process prior to the October 31, 2021vaccination deadline, and that PLAINTIFF will be placed into unpaid status until the process is complete.

**14.** On October 28, 2021, during two separate telephone conversations, PLAINTIFF's immediate supervisor, Josephine Quach, asked PLAINTIFF about her COVID-19 vaccination status. When PLAINTIFF explained she was not vaccinated, her immediate supervisor explained that PLAINTIFF would need to turn in her district keys and badge if she is not vaccinated by the end of the day.

**15.** On October 28, 2021, following her phone conversations with Ms. Quach, PLAINTIFF felt unwell and extremely overwhelmed. PLAINTIFF was also in receipt of information that District Administrators were publicly collecting unvaccinated employees' keys and badges and walking such employees off school properties.

**16.** Due to her feeling unwell, PLAINTIFF sought medical treatment and was placed on medical leave by her doctors on October 28, 2021.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**17.** Per the instructions from her immediate supervisor, Ms. Quach, PLAINTIFF turned in her keys and badge along with her medical leave doctor notes to her immediate supervisor on October 28, 2021.

**18.** PLAINTIFF has remained on medical leave. During her medical leave, PLAINTIFF continued to timely provide updated doctor notes to AUSD.

**19.** On or about November 11, 2021, PLAINTIFF sent a letter via email to the AUSD School Board regarding her religious accommodation request. Specifically, PLAINTIFF inquired about the timeline for review of her religious accommodation request and the interactive process. She also explained that she had submitted these questions to AUSD but had not received a response.

**20.** PLAINTIFF resent her November 11, 2021 letter via email to the AUSD School Board on November 17, 2021 because she still had. not received a response regarding her religious accommodation questions.

**21.** On November 23, 2021 AUSD School Board member, Dr. Wilson, replied to PLAINTIFF's email stating that her email was likely referred to Assistant Superintendent, John Scanlan.

**22.** To date, PLAINTIFF still has not received any communication from AUSD regarding the interactive process for her religious accommodation request.

**23.** On or about April 7, 2022, PLAINTIFF received communication from AUSD Director of Human Resources, Stacie Colman-Hsu, stating that as of June 16, 2022, PLAINTIFF will have utilized all available paid leave, that PLAINTIFF is not able to resume the duties of her position or be placed in another position, and will therefore be placed on reemployment list for a period of 39 months as of June 17,

2022.

**24.** On or about April 27, 2022, PLAINTIFF received communication from AUSD Assistant Superintendent, John Scanlan, stating that the Board of Education had approved PLAINTIFF's placement on the 39-month reemployment list effective June 17, 2022-September 17, 2025.

**25.** All government entities and contractors are under the same laws of the United States of America as all individuals and businesses of the United States. Although a government contractor or entity requires COVID-19 vaccines for all its employees and contractors, Title VII of the Civil Rights Act of 1964, § 2000(e) *et seq*, is still legally in full force and effect for all individuals.

**26.** AUSD never specified if Ms. MONSIVAIS's accommodation form was deficient or gave her an opportunity to supplement her application for any perceived deficiencies. AUSD also did not provide an interactive process with Ms. MONSIVAIS to discover if an accommodation or an alternative to the COVID-19 vaccine, such as PPE masking or submitting to regular COVID testing, would be available to meet Ms. MONSIVAIS's religious beliefs.

**27.** On or about November 11, 2021 and again on November 17, 2021, PLAINTIFF requested clarification of the interactive process and applicable deadlines, however AUSD did not respond with an explanation. In fact, AUSD never followed-up with PLAINTIFF regarding her religious accommodation request after she turned in her keys and badge October 28, 2021.

**28.** Ms. MONSIVAIS received a Notice of Right to Sue (NRTS) from the EEOC on August 14, 2023. Ms. MONSIVAIS's EEOC NRTS serves as "Exhibit

One" for the purpose of this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Failure to Provide Religious Accommodations Against Defendant**

29. PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

30. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

31. Ms. MONSIVAIS was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

32. Ms. MONSIVAIS held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked AUSD to accommodate her sincerely held religious belief.

33. Ms. MONSIVAIS's request to have her religious accommodation approved was never reviewed. In fact, DEFENDANT never responded to PLAINTIFF's requests for clarification of timeline for the interactive and review process.

34. AUSD did not specify if Ms. MONSIVAIS's accommodation form was deficient or give her an opportunity to supplement her application for any perceived deficiencies.

35. AUSD did not attempt to engage in an interactive process with PLAINTIFF to discuss any alternative accommodations, such as PPE masking or submitting to regular COVID-19 testing.

**36.** PLAINTIFF suffered significant damages because of AUSD's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**37.** AUSD intentionally violated Ms. MONSIVAIS's rights under Title VII with malice or reckless indifference.

**38.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that AUSD violated her rights under Title VII, and an injunction preventing AUSD from enforcing its discriminatory policies.

**39.** PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k)) Against Defendant**

**40.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**41.** DEFENDANT excluded PLAINTIFF from the position for which she was otherwise qualified due to her request for a religious accommodation.

**42.** AUSD's insistence on the COVID-19 vaccine requirement without any accommodation deprives and tends to deprive PLAINTIFF and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-impact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k).

**43.** Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants . . . in any way which would deprive or tend

- 9 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2).

44. Furthermore, the statute provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

45. Even if facially neutral, AUSD's categorical requirement that all employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares her religious beliefs) by forcing her to abandon her religious objections or forgo employment with AUSD.

46. Furthermore, AUSD's position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, AUSD never engaged in an interactive process with PLAINTIFF to discuss less-restrictive but feasible options of allowing PLAINTIFF to undergo regular testing or wearing PPE preserving her religious conscience.

47. PLAINTIFF suffered significant damages because of AUSD's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

48. PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that AUSD

violated her rights under Title VII, and an injunction preventing AUSD from enforcing its discriminatory policies.

**49.**    PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.    Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.    Award PLAINTIFF her front pay, including future wages and benefits;

C.    Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.    Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.    Award PLAINTIFF her reasonable attorney's fees and costs of suit;

F.    Award PLAINTIFF punitive damages.

G.    Enjoin AUSD from enforcing its discriminatory policies;

H.    Declare that AUSD has violated Title VII of the Civil Rights Act and RFRA; and

I.    Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

/ / /

/ / /

- 11 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

DATED: November 8, 2023          PACIFIC JUSTICE INSTITUTE

                                                                  /s/ Michael J. Peffer
                                                                  MICHAEL PEFFER, ESQ.,
                                                                  NILAB SHARIF, ESQ.,
                                                                  Attorney for Plaintiff,
                                                                  DENA MONSIVAIS

## DEMAND FOR JURY TRIAL

     PLAINTIFF, DENA MONSIVAIS hereby demands a jury trial in this matter.

DATED:   November 8, 2023          PACIFIC JUSTICE INSTITUTE

                                                                  /s/ Michael J. Peffer
                                                                  MICHAEL PEFFER, ESQ.,
                                                                  NILAB SHARIF, ESQ.,
                                                                  Attorney for Plaintiff,
                                                                  DENA MONSIVAIS

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## VERIFICATION

I, DENA MONSIVAIS, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 7th day of November 2023, in the Count of Los Angeles, State of California.

*[signature]*

DENA MONSIVAIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT ONE (1)**

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/14/2023

To: Ms. Dena D. Monsivais
1902 S.Primrose Ave
ALHAMBRA, CA 91803
Charge No: 480-2022-01179

EEOC Representative and email:   LATAYNA VALENTINE
Investigator
latayna.valentine@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
08/14/2023

Christine Park-Gonzalez
District Director

Cc:
Rolando Cardenas
Alhambra Unified School District
1515 W MISSION RD
Alhambra, CA 91803

Please retain this notice for your records.